

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ARMIN RUDD, INDIVIDUALLY AND )
D/B/A ABT SYSTEMS, LLC, AND )
THE UNIVERSITY OF CENTRAL )
FLORIDA BOARD OF TRUSTEES )
ON BEHALF OF THE UNIVERSITY )
OF CENTRAL FLORIDA, )
                                  )
        Plaintiffs, )
                                  ) Civil Action No. 09-cv-6957
v. )
                                  ) Honorable Charles R. Norgle
LUX PRODUCTS CORPORATION )
EMERSON CLIMATE TECHNOLOGIES )
BRAEBURN SYSTEMS, LLC, AND )
LENNOX INTERNATIONAL INC., )
                                  )
        Defendants. )

**OPINION AND ORDER**

Before the Court is Defendant Emerson Electric Co.'s[1] Motion to Dismiss Plaintiffs' Second Amended Verified Complaint for Improper Joinder or, in the Alternative, to Sever and Transfer pursuant to Federal Rule of Civil Procedure 21 and 28 U.S.C. § 1440(a). For the following reasons the Motion to Sever and Transfer Plaintiffs' claims is granted. The Clerk shall transfer Plaintiffs' claims against Emerson to the Eastern District of Missouri.

---

[1] Plaintiffs, by way of their Second Amended Verified Complaint, removed Emerson Climate Technologies as a defendant and substituted Emerson Electric Co. in its place.

1

# I. INTRODUCTION[2]

## A. Facts

This case involves a claim of patent infringement arising under the patent laws of Title 35 of the United States Code. Plaintiff Armin Rudd, individually and d/b/a ABT Systems, LLC (jointly "Rudd") is an individual with his principal place of business in Pennsylvania. Plaintiff The University of Central Florida Board of Trustees on behalf of the University of Central Florida ("UCF") is a university established by and located in the state of Florida. Rudd alleges that he is the inventor and exclusive licensee of United States Patent No. 5,547,017 (the "'017 patent"), entitled "Air Distribution Fan Recycling Control." The '017 patent was issued on August 20, 1996. Rudd also alleges that he is the inventor and exclusive licensee of United States Patent No. 6,431,268 B1 (the "'268 patent"), entitled "Air Distribution Fan And Outside Air Damper Recycling Control." The '268 patent was issued on August 13, 2002. The '017 and '268 patents (collectively, the "Rudd patents") concern thermostats that utilize a fan recycling control.

Defendant Emerson Electric Co. ("Emerson") and White-Rodgers, the Emerson division that sells the alleged infringing products, is a Missouri company with its principal place of business in St. Louis, Missouri. Plaintiffs allege that Emerson "commits direct and/or contributory infringement, and/or induces infringement" of the Rudd patents pursuant to 35 U.S.C. § 271(a)-(c). Second Am. V. Compl. ¶¶ 63, 75.

---

[2] The introduction information is taken from the Second Amended Verified Complaint, Defendant's Motion to Dismiss, or in the Alternative, to Sever and Transfer, and Plaintiffs' Response to the Motion.

2

### B. Procedural History

Plaintiff Rudd and Plaintiff UCF (collectively, "Plaintiffs") initiated this case on November 5, 2009. They filed an amended complaint on December 10, 2009. Pursuant to a Stipulated Dismissal, Defendant and Counter Claimant Lennox International, Inc. was terminated as a party to this case on May 26, 2010. Plaintiffs filed a Second Amended Verified Complaint on August 23, 2010. Defendant's Motion to Dismiss, or in the Alternative, to Sever and Transfer is fully briefed and before the court.

## II. DISCUSSION

### A. Standards of Decisions

#### 1. Permissive Joinder, Misjoinder, & Consolidation

Rule 20(a) provides for permissive joinder when two requirements are met: (1) the cases to be joined must contain a right to relief arising out of the same transaction or occurrence, or series of transactions or occurrences; and (2) there must be a question of law or fact common to all the plaintiffs. Fed. R. Civ. P. 20(a).

Misjoinder occurs when the parties fail to satisfy either of the requirements for permissive joinder under Rule 20. Mosley v. Gen. Motors Corp., 497 F.2d 1330, 1332 (8th Cir. 1974); Androphy v. Smith & Nephew, Inc., 31 F. Supp. 2d 620, 623 (N.D. Ill. 1998). In the event the Court finds that joinder is improper, Rule 21 comes into effect and allows the Court to add or drop a party, or sever any claim against another party. See Fed. R. Civ. P. 21. Moreover, where joinder is improper the Court will consider the possibility of consolidation under Federal Rule of Civil Procedure 42(a). Magnavox Co. v. APF Elecs., Inc., 496 F. Supp. 29, 34 (N.D. Ill. 1980).

3

A district court may consolidate a case pursuant to Federal Rule of Civil Procedure 42(a), which provides: "If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). "The determination of whether consolidation is appropriate lies within the discretion of the trial court." Magnavox, 496 F. Supp. at 32 (citing Madigan, Inc. v. Goodman, 57 F.R.D. 512, 514 (N.D. Ill. 1972); Am. Photocopy Equip. Co. v. Fair, Inc., 35 F.R.D. 236, 237 (N.D. Ill. 1963)).

**2. Motion to Transfer**

A district court may transfer a case pursuant to 28 U.S.C. § 1404(a), which provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Under this section, transfer is proper if: (1) venue is proper in both the transferor and transferee court; (2) transfer is for the convenience of the parties and witnesses; and (3) the transfer is in the interest of justice. See Boyd v. Snyder, 44 F. Supp. 2d 966, 968 (N.D. Ill.1999). The moving party bears the burden of demonstrating that the transferee forum is the more convenient forum. See Heller Fin., Inc. v. Midwhey Powder Co., 883 F.2d 1286, 1293 (7th Cir. 1989). "The weighing of factors for and against transfer necessarily involves a large degree of subtlety and latitude, and therefore, is committed to the sound discretion of the trial judge." Coffey v. Van Dorn Iron Works, 796 F.2d 217, 219 (7th Cir. 1986).

## B. Motion to Dismiss or Sever

Emerson first moves to dismiss this case because Plaintiffs failed to sufficiently allege that it is properly joined. Emerson's alternative argument is that this case should be severed. The Court declines Emerson's invitation to dismiss this case, and proceeds to address Emerson's alternative argument in favor of severance. In support, Emerson stresses that Plaintiffs have not complied with Federal Rule of Civil Procedure 20 because they cannot establish that their claims arose out of the same transaction or occurrence, or series of transactions or occurrences. Plaintiffs advance two main arguments in response that: (1) Defendants' accused thermostats operate in a nearly identical manner as it relates to the asserted patents; and (2) Defendants' affirmative defenses and counterclaims are nearly identical. This, they say, is enough to satisfy Rule 20's first prong. The Court, however, disagrees.

In support of their first argument, Plaintiffs urge the Court to adopt the Eastern District of Texas' application of Rule 20(a), see MyMail, LTD. v. Am. Online, Inc., 223 F.R.D. 455 (E.D. Tex. 2004). In MyMail, the court held that claims arise out of the same series of transactions or occurrences if there is "a nucleus of operative facts or law in the claims against all the defendants." Id. at 456-57. The Court agrees with Emerson that this approach "eviscerates the same transaction or occurrence requirement and makes it indistinguishable from the requirement that there be a common question of law or fact." Reply in Supp. of Emerson Electric Co.'s Mot. to Dismiss for Improper Joinder or, in the Alternative, to Sever and Transfer, at 4. The Court, therefore, rejects this approach.

5

After researching the issue, the Court determines that MyMail's approach is in the minority. This Court follows the prevailing approach of this District and numerous others that have concluded that a party fails to satisfy Rule 20(a)'s requirement of a common transaction or occurrence where unrelated defendants, based on different acts, are alleged to have infringed the same patent. Adrophy, 31 F. Supp. 2d at 623; Magnavox, 496 F. Supp. at 34; see also Golden Scorpio v. Steel Horse Bar & Grill, 596 F. Supp. 2d 1282, 1285 (D. Ariz. 2009) ("[A]llegations against multiple and unrelated defendants for acts of patent, trademark, and copyright infringement do not support joinder under Rule 20(a)."); Pergo, Inc. v. Alloc, Inc., 262 F. Supp. 2d 122, 128 (S.D.N.Y. 2003) ("[T]he fact that two parties may manufacture or sell similar products, and that these sales or production may have infringed the identical patent owned by the plaintiffs is not sufficient to join unrelated parties as defendants in the same lawsuit pursuant to Rule 20(a)."); Philips Elecs. N. Am. Corp. v. Contec Corp., 220 F.R.D. 415, 417 (D. Del. 2004) ("Allegations of infringement against two unrelated parties based on different acts do not arise from the same transaction."); New Jersey Mach. Inc. v. Alford Indus., Inc., 21 U.S.P.Q.2d 2033, 2034-35 (D.N.J. 1991) ("[C]laims of infringement against unrelated defendants, involving different machines, should be tried separately against each defendant."), aff'd 983 F.2d 1087 (Fed. Cir. 1992); Paine, Webber, Jackson & Curtis, Inc. v. Merrill Lynch, 564 F. Supp. 1358, 1371 (D. Del. 1983) ("Allegations of infringement against two unrelated parties based on different acts do not arise from the same transaction."); Spread Spectrum Screening, LLC v. Eastman Kodak Co., No. 10 C 1101, 2010 WL 3516106, at *2 (N.D. Ill. Sept. 1, 2010) ("The accused infringing software, other evidence and

witnesses are all different and unique . . . . Therefore, because plaintiff's action is against . . . two competing products, Kodak and Heidelberg and Hafner are improperly joined as defendants."). Moreover, allegations that unrelated defendants design, manufacture and sell similar products does not satisfy Rule 20(a)'s requirement. Pergo, 262 F. Supp. at 128; see Movie Sys., Inc. v. Abel, 99 F.R.D. 129, 130 (D. Minn. 1983) ("It may be that the complaints assert a right to relief against all defendants arising from similar transactions, but the rule permitting joinder requires that such arise from the same transactions.").

Plaintiffs failed to demonstrate how Defendant Emerson's alleged acts of infringement are in any way related to Defendant Braeburn's alleged acts of infringement. Defendants' accused thermostats are unrelated and different products. Simply alleging that Defendants manufacture or sell similar products does not support joinder under Rule 20. Therefore, Plaintiffs cannot satisfy Rule 20(a)'s same transaction or occurrences requirement based on their allegations that Defendants' alleged infringing thermostats operate in a nearly identical manner as it relates to the asserted patents.

Plaintiffs next argue that Rule 20(a)'s same transaction or occurrences requirement is satisfied because Defendants' affirmative defenses and counterclaims are nearly identical. Plaintiffs, however, have not cited any legal authority to support this proposition. At least one court in this District has rejected a similar argument. MLR, LLC v. U.S. Robotics Corp., No 02 C 2898, 2003 WL 685504, at *3 (N.D. Ill. Feb. 26, 2003) ("Rule 20(a) . . . requires that a *claim* asserted against the Defendants arise out of the same transaction or occurrence. Thus, the fact that the defendants' defenses may arise

out of the same transaction or occurrence is not sufficient for joinder under Rule 20(a).").
The Court concludes that similarity in Defendants' defenses and counterclaims cannot establish that their claims arose out of the same transaction or occurrence, or series of transactions or occurrences. Accordingly, the Court concludes that Emerson was misjoined.

Finally, Plaintiffs argue that Emerson should be consolidated with this action for pretrial purposes. Plaintiffs emphasize that consolidation will promote judicial efficiency. The Court acknowledges that this action involves a common question of law or fact. See Fed. R. Civ. P. 42(a). As a discretionary matter, however, the Court finds insufficient basis to justify consolidated discovery. The Court agrees with Emerson that requiring Rudd to be deposed separately by Defendants does not hinder judicial efficiency because Plaintiffs already consented to multiple depositions. Dkt. No. 59, ¶ 4(b). Moreover, because Defendants are unrelated entities there will be different documents and technical drawings solicited. The Court has already concluded that Emerson was misjoined, and declines to consolidate Emerson with this case. Therefore, the Court grants Emerson's motion to sever pursuant to Rule 21.

## C. Motion to Transfer

Emerson argues that this case should be transferred to the Eastern District of Missouri pursuant to 28 U.S.C. § 1401(a) because that is where many witnesses and much of the evidence is located. For the reasons stated below, the Court concludes that Emerson has met its burden of showing that the transferee forum is more convenient under § 1404(a).

8

### 1. Venue

The parties do not dispute that venue is proper in both the Northern District of Illinois and the Eastern District of Missouri. In a patent infringement case, venue is proper in the judicial district: (1) where the defendant resides; or (2) where the defendant has committed acts of infringement and has a regular and established place of business. 28 U.S.C. § 1400(b). A corporation resides in "any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." 28 U.S.C. § 1391(c). Here, Plaintiffs allege that Emerson is a Missouri corporation with its principal place of business in St. Louis, Missouri. Second Am. V. Compl. ¶ 5. Further, Emerson concedes that it is subject to personal jurisdiction in the Northern District of Illinois. Br. in Supp. of Emerson Electric Co.'s Mot. to Dismiss for Improper Joinder or, in the Alternative, to Sever and Transfer 7. Accordingly, venue is proper in both the Northern District of Illinois and the Eastern District of Missouri. The parties, however, dispute whether the transfer will serve the convenience of the parties and witnesses and the interest of justice.

### 2. Convenience of the Parties and Witnesses

In evaluating the relative convenience of the parties and witnesses under § 1404(a), the court must consider both the private interests of the parties and the public interest of the court. Private interests of the parties include: (1) plaintiffs' choice of forum, (2) situs of material events, (3) relative ease of access to sources of proof in each forum, including the court's power to compel appearance of unwilling witnesses at trial; and (4) costs of obtaining attendance of witnesses. Medi USA, L.P. v. Jobst Inst., Inc., 791 F. Supp. 208, 210 (N.D. Ill. 1992) (Norgle, J.) (citing G.H. Miller & Co. v. Hanes,

566 F. Supp. 305, 307 (N.D. Ill. 1983); 15 Charles A. Wright, Arthur R. Miller & E. Cooper, Federal Practice and Procedure §§ 3849-53 (1986)). Public factors include the: (1) court's familiarity with applicable law; (2) speed at which the case will proceed to trial; and (3) local interest in having controversies decided at home. Id. (citing Van Gelder v. Taylor, 621 F. Supp. 613, 619 (N.D. Ill. 1985)).

### a. Plaintiffs Choice of Forum

A plaintiff's choice of forum is typically given substantial weight. In re Nat'l Presto Indus., Inc., 347 F.3d 662, 664 (7th Cir. 2003). This factor, however, is entitled to less deference where the plaintiffs' chosen forum is "not the plaintiffs' home forum or lacks significant contact with the litigation." Plotkin v. IP Axess, Inc., 168 F. Supp. 2d 899, 902 (N.D. Ill. 2001) (citing Bryant v. ITT Corp., 48 F. Supp. 2d 829, 831 (N.D. Ill. 1999)). Here, Plaintiffs' chosen forum is Illinois. However, Illinois is not Plaintiffs' home forum. Plaintiff Rudd's home forum is Pennsylvania, where he has his principal place of business. Second Am. V. Compl. ¶ 2. Plaintiff UCF's home forum is Florida. Id. ¶ 3. Plaintiffs' only apparent connection to Illinois is through their counsel, located in Illinois. Consideration of the convenience of Plaintiffs' counsel is not appropriate in evaluating transfer. Von Holdt v. Husky Injection Molding Sys., Ltd., 887 F. Supp. 185, 190 (N.D. Ill. 1995); Tissue Extraction Devices, LLC v. Suros Surgical Sys., Inc., No. 08 C 140, 2008 WL 4717158, at *2 (N.D. Ill. May 20, 2008). Therefore, the Court affords Plaintiffs' choice of forum less deference because the Northern District of Illinois is not Plaintiffs' home forum and because Plaintiffs lack significant contact within the state of Illinois.

### b. Situs of Material Events

The situs of material events is irrelevant in this case. Even though Plaintiffs' chose Illinois as their forum, "the material events of a patent infringement case do not revolve around any particular situs." Medi, 791 F. Supp. at 210. After the claims have been construed without reference to the accused device, the trier of fact compares the accused device with the construed claims to determine patent infringement. Id.; see also SRI Int'l v. Matsushita Elec. Corp. of Am., 775 F.2d 1107, 1121 (Fed. Cir. 1985). The alleged patent infringement in this case does not center around a specific location. Therefore, this sub-factor is neutral.

### c. Relative Ease of Access to Sources of Proof in Each Forum, Including the Court's Power to Compel Appearance of Unwilling Witnesses at Trial

The relative ease of access to sources of proof in each forum strongly favors transfer. Plaintiffs argue that this District is more convenient because Illinois is a central location to all the Defendants and is a more convenient forum for both party and potential third-party witnesses located "everywhere across the country." Pls.' Resp. in Opp'n to Emerson Climate Technologies' Mot. to Dismiss for Improper Joinder or, in the Alternative, to Sever and Transfer 11. The Court is unpersuaded.

"[I]n a case featuring most witnesses and evidence closer to the transferee venue with few or no convenience factors favoring the venue chosen by the plaintiff, the trial court should grant a motion to transfer." In re Nintendo Co., 589 F.3d 1194, 1198 (Fed. Cir. 2009) (citations omitted). Here, Plaintiffs neither allege that their or Emerson's business records are housed in Illinois, nor identify any witnesses that reside here. Plaintiffs' Initial Disclosures identify five potential witnesses, one located in Annville,

11

Pennsylvania, and four located in Orlando, Florida. Jelenchick Decl. Ex. 1, ¶ 2. Plaintiffs' source of proof is not located in Illinois, and will have to be transported to either forum.

In contradistinction, there are substantial conveniences in trying this case in the Eastern District of Missouri. Emerson's accused products are sold by White-Rodgers, a division of Emerson Electric Co, which is headquartered in St. Louis, Missouri. Emerson's accused products were developed in St. Louis, the marketing and sales offerings are managed there, and the financial documents are located there. Additionally, Emerson identifies at least five key witnesses, likely to testify regarding central issues of the case, who are located in St. Louis. This weighs strongly in favor of transfer. See In re Genentech, Inc., 566 F.3d 1338, 1343-45 (Fed. Cir. 2009) ("In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location." (quoting Neil Bros. Ltd. v. World Wide Lines, Inc., 425 F. Supp. 2d 325, 330 (E.D.N.Y. 2006))).

Moreover, the Eastern District of Missouri can compel non-party witnesses with greater ease than the Northern District of Illinois. See Fed. R. Civ. P. 45(b)(2); In re Nat'l Presto, 347 F.3d at 664 ("[W]itnesses are subject to the usual 100-mile limitation." (citing Fey v. Walston & Co., 493 F.2d 1036, 1053 n.21 (7th Cir.1974))). This weighs in favor of transfer because "the convenience of non-party witnesses is often viewed as the most important factor in the transfer analysis." Murphy v. Avon Prods., Inc., 88 F. Supp. 2d. 851, 853 (N.D. Ill. 1999). Thus, this sub-factor strongly favors transfer to the Eastern

District of Missouri.

### d. Costs of Obtaining Attendance of Witnesses

Convenience of the parties and costs of litigation favor transfer. A court will not grant a motion to transfer if it will merely shift the inconvenience from one party to another. See Medi, 791 F.Supp. at 211. In any transfer case, one party will necessarily be somewhat inconvenienced if it is required to travel to another jurisdiction; that cannot be avoided. Here, neither party will suffer substantial inconvenience. It does not appear convenient for either of the parties to litigate in this District. Plaintiffs chose a foreign forum and will have to travel and bear the expense associated with litigating regardless of whether the litigation takes place in Missouri or Illinois. Missouri, however, is a significantly more convenient forum for Emerson. If this case proceeds in the Northern District of Illinois, Emerson and its witnesses would suffer the inconvenience of constant travel to and from their home state, to a foreign jurisdiction. This sub-factor, therefore, weighs in favor of transfer. Taken together, the relative convenience of the parties and witnesses under section 1404(a) favors transfer to the Eastern District of Missouri.

### 3. Interest of Justice

The final consideration under § 1404(a) is whether transfer is in the interest of justice. The interest of justice factor pertains to the "efficient administration of the court system," and is a distinct and "separate component of a § 1404(a) analysis." Coffey, 796 F.2d at 220-21. This factor may be determinative, even though the court would otherwise find the original forum inconvenient for the parties and witnesses. Id. Public interest factors include the: (1) court's familiarity with applicable law; (2) speed at which the case

will proceed to trial; and (3) local interest in having controversies decided at home. See id. at 221; Medi, 791 F. Supp. at 210.

First, this is a patent infringement case arising under federal law, and therefore both federal district courts are equally familiar with Title 35 of the United States Code and are capable of presiding over this case. Thus, this factor is neutral to the § 1404(a) analysis.

Second, the speed at which the case will proceed to trial slightly favors transfer. The two most relevant statistics available to the Court are the median times from filing to disposition of a case and the median months from filing to trial. Timebase Pty Ltd. v. Thomson Corp., No.07 C 460, 2007 WL 772946, at *3 (N.D. Ill. 2007, Mar. 9, 2007) (citing Amoco Oil Co. v. Mobil Oil Corp., 90 F. Supp. 2d 958, 962 (N.D. Ill. 2000)). The median time from filing to disposition of a case was 6.2 months in the Northern District of Illinois as compared to 7.2 months in the Eastern District of Missouri.[3] The median months from filing to trial was 27.8 months in the Northern District of Illinois as compared to 19.8 months in Eastern District of Missouri. These statistics suggest that, while the median time from filing to disposition is faster in the Northern District of Illinois by one month, the parties are more likely to receive a trial eight months faster in the Eastern District of Missouri. Plaintiffs argue that the median time from filing to disposition should be accorded more weight because most civil cases do not end in a trial.

---

[3] In evaluating this factor, the Court used the reports generated from the Federal Court Management Statistics for the Northern District of Illinois and the Eastern District of Missouri. *Judicial Caseload Profile Court Select*, http://www.uscourts.gov/cgi-bin/cmsd2009.pl (last visited Jan. 11, 2011). The Court used the median times statistics for the twelve month period ending September 30, 2009, which are the latest statistics available at this time. Id.

Even if the Court places more weight on this statistic, the one month difference from filing to disposition in the forums is not substantial enough to overcome the eight month difference from filing to trial. Accordingly, this factor weighs slightly in favor of transfer.

Finally, the local interest in having controversies decided at home favors transfer. Emerson is a Missouri company with its principal place of business in St. Louis, Missouri, and has an interest in a court in its own state deciding liability and damages. Moreover, this case has no relevant connection to this District. The Northern District of Illinois is not Plaintiffs' home forum, and there are no identified witnesses or sources of proof located here. In contrast, this case has considerable relevance to the Eastern District of Missouri. Emerson's accused products were developed in St. Louis, and marketing and sales activities for these products are managed there. Additionally, its employees, relevant witnesses and sources of proof are located in Missouri.

Considering both the private interests of the parties and the public interest of the court, the Court finds that Emerson has met its burden of showing that the transferee forum is more convenient under § 1404(a). Accordingly, the Court finds that transfer to the Eastern District of Missouri is appropriate.

## III. CONCLUSION

For the foregoing reasons, the Court grants Emerson's Motion to Sever and Transfer Plaintiffs' claims. The Court orders the Clerk to transfer Plaintiffs' claims against Emerson to the Eastern District of Missouri.

IT IS SO ORDERED.

ENTER:

CHARLES RONALD NORGLE, Judge
United States District Court

DATED: Jan. 12, 2010