UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ABT SYSTEMS, LLC, et al., ) | |
| ) | |
| Plaintiffs / Counterclaim Defendants, ) | |
| ) | |
| vs. ) | Case No. 4:11CV00374 AGF |
| ) | |
| EMERSON ELECTRIC CO., ) | |
| ) | |
| Defendant / Counterclaim Plaintiff. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion (Doc. No. 229) of Plaintiffs/Counterclaim Defendants ABT Systems, LLC, and The University of Central Florida Board of Trustees (jointly "ABT") to exclude three new items of prior art relied upon by Defendant/Counterclaim Plaintiff Emerson Electric Co. ("Emerson"). For the reasons set forth below, the motion shall be denied.

ABT claims in this action that thermostats manufactured and/or sold by Emerson infringe two patents held by ABT. Emerson counterclaims for declaratory judgment of non-infringement (Count I), invalidity (Count II), and unenforceability due in part to ABT's alleged misrepresentations to the Patent and Trademark Office ("PTO") regarding the scope and content of another patent and failure to disclose to the PTO material prior art in the form of yet another patent. (Count III).

On March 29, 2010, ABT served an interrogatory on Emerson seeking identification of each item of prior art relied upon by Emerson in support of its counterclaims. In response, Emerson did not include the three items of prior art at issue.

On November 1, 2010, Emerson submitted its Final Unenforceability and Invalidity Contentions ("FUIC"), which listed numerous items of prior art, but again did not include the three items at issue. On December 8, 2010, Emerson provided a supplemental response to ABT's interrogatory regarding items of prior art by referring ABT to the FUIC.

On January 31, 2012, Emerson emailed ABT, seeking consent to a motion by Emerson for leave to amend its FUIC to add three new items of prior art and a description of their relevance to the case. These items were published in 1976, 1983, and 1986, respectively; two are in Japanese, translated into English by Emerson. The three items consist of a total of 21 pages. ABT responded that it could not consent because it did not know the relevance of the new prior art or how Emerson might choose to apply it, and because ABT had been proceeding with fact discovery and preparation of expert reports for months based on the FUIC and would be prejudiced by any additions thereto. According to ABT, in a subsequent phone call, Emerson advised ABT that the new prior art was "cumulative."

On March 2, 2012, the Court issued its Claim Construction Order. On April 23, 2012, Emerson provided ABT with a report by a technical expert that discusses the three new items of prior art, and on May 5, 2012, ABT filed its present motion to preclude Emerson from relying on these items. ABT argues that it would be prejudiced if the Court were to deny its motion, advancing the same assertion of prejudice it claimed in response to Emerson's January 31, 2012 email. ABT adds that further prejudice would ensue because it would have to check on the translation of the two Japanese references.

ABT notes that Emerson still has not moved for leave of Court to supplement its discovery responses, as required by the Federal Rules of Civil Procedure, or to amend its FUIC, in accordance with Local Patent Rule 3-7(b); nor has Emerson explained on a claim-by-claim basis the relevance of the new prior art, as required by Local Patent Rule 3-4, or why the new prior art was not disclosed earlier. In sum, ABT argues that Emerson failed to meet the "good cause" requirement of Local Patent Rule 3-7(b).

Emerson responds that ABT's motion should be denied and that Emerson's "constructive amendment" to the FUIC by means of the technical expert's report, which included all relevant information, should be allowed because no prejudice would enure to ABT in doing so. Emerson asserts that the prior art at issue does not change or add any new theories to the case, and is "nothing more than additional examples that further substantiate theories that Emerson included in its [FUIC], namely that [ABT]'s patents are invalid as obvious, among other reasons. Plaintiffs cannot be prejudiced by contentions that have already been disclosed but for which Emerson desires to add more detail based on information learned through discovery."

Emerson asserts that ABT still has ample time to engage in fact discovery and to depose Emerson's technical expert before the discovery deadline of July 9, 2012. In an exhibit to a proposed surreply, Emerson had amended its FUIC to include the three new prior art references, following the requirements of Local Patent Rule 3-4. ABT asks the Court not to permit the filing of the surreply because surreplies are disfavored and because its contents could have been raised earlier.

Upon review of the record, the Court is not persuaded by ABT's claims of prejudice, and absent prejudice to ABT the Court discerns no convincing reason not to permit the filing of Emerson's surreply, including the amended FUIC. While the Court does not approve of Emerson's failure to follow the Federal Rules of Civil Procedure and the Local Patent Rules in seeking to supplement its discovery responses and amend the FUIC, the Court concludes that the interests of justice mandate that Emerson be allowed to rely on the three items of prior art at issue. Should this decision result in ABT needing additional time to complete fact and/or expert discovery, it can ask the Court for such time.

Accordingly,

**IT IS HEREBY ORDERED** that Emerson's motion for leave to file its surreply and attached exhibit is **GRANTED**. (Doc. No. 236.)

**IT IS FURTHER ORDERED** that ABT's motion to exclude three new prior art references relied upon by Emerson's technical expert is **DENIED**. (Doc. No. 229.)

*[signature]*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 5th day of June, 2012.