UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

ABT SYSTEMS, LLC, et al.,                )
                                         )
    Plaintiffs / Counterclaim Defendants, )
                                         )
vs.                                      )   Case No. 4:11CV00374 AGF
                                         )
EMERSON ELECTRIC CO.,                    )
                                         )
    Defendant / Counterclaim Plaintiff.  )

### MEMORANDUM AND ORDER

This matter is before the Court on the motion (Doc. No. 230) of Plaintiffs/Counterclaim Defendants ABT Systems, LLC, and The University of Central Florida Board of Trustees (jointly "ABT") to exclude the report and testimony of Defendant/Counterclaim Plaintiff Emerson Electric Co.'s ("Emerson") expert John Vogelzang. ABT claims in this action that thermostats manufactured and/or sold by Emerson infringe two patents held by ABT -- "the Rudd patents." ABT seeks statutory treble damages for wilful infringement.

Emerson counterclaims for declaratory judgment of non-infringement (Count I), invalidity (Count II), and unenforceability due in part to ABT's alleged misrepresentations to the Patent and Trademark Office ("PTO") regarding the scope and content of another patent ("the Vogelzang patent") and failure to disclose to the PTO material prior art in the form of another patent ("the Neto patent") (Count III). Mr. Vogelzang is the sole inventor of the Vogelzang patent. Trial is set for January 11, 2013. For the reasons set forth below, the motion to exclude Mr. Vogelzang's report and testimony shall be denied.

## BACKGROUND

Mr. Vogelzang's report (Doc. No. 230-1), dated April 23, 2012, addresses whether Emerson's thermostats use the invention described and claimed in the Vogelzang patent, and whether the comfort circulating fan feature of the Emerson thermostats is an obvious embodiment of the Vogelzang patent. Mr. Vogelzang explains that he applied for the Vogelzang patent ("Air Conditioning System with Periodic Fan Operation") in 1988, at which time microprocessor-based timers were not always used in thermostats, and so the specifications of his patent disclosed the use of various types of timers. The Vogelzang patent was issued in June 1989.

Mr. Vogelzang's report includes a chart listing features of the Vogelzang patent and noting whether, in Mr. Vogelzang's opinion, those features are present in the Emerson thermostats. Mr. Vogelzang opines that based on his analysis, the "accused comfort circulating fan feature found in the Emerson Thermostats, which . . . merely uses a microprocessor to control fan operation, would have been an obvious embodiment of the [Vogelzang] patent."

ABT argues that Mr. Vogelzang's report is not relevant to the issues in this case, namely, whether the Emerson thermostats infringe the Rudd patents-in-suit; or whether the Vogelzang patent renders the Rudd patents-in-suit invalid. According to ABT, Mr. Vogelzang's proposed testimony would be "dangerously misleading" to the jury because the jury may not understand that simply because the Emerson thermostats practice features disclosed in the Vogelzang patent, the Emerson thermostats can still

infringe the Rudd patents-in-suit, if the Emerson thermostats also include an additional feature not disclosed in the Vogelzang patent.

ABT faults Dr. Vogelzang's report on the ground that it compares *claims* of the Vogelzang patents and just *some* of the Emerson thermostat features, which is legally irrelevant.

ABT also argues that Mr. Vogelzang's expert testimony should be stricken because Mr. Vogelzang is a fact witness, as he is the sole inventor of the Vogelzang patent. The danger, according to ABT, is that Mr. Vogelzang's testimony would be given more credit as an "expert" even though he should be treated as just a fact witness. ABT argues that Mr. Vogelzang's conclusion that the "comfort circulating fan feature of the Rudd patents would have been an obvious embodiment of the Vogelzang patent is conclusory and not supported by any evidence and should be stricken for that reason.

Emerson responds that Mr. Vogelzang's opinion is relevant to the issues of the obviousness of the Rudd patents and Emerson's defense to the allegation of willfulness; that his opinion regarding obviousness is not conclusory; and that he is properly both a fact and expert witness. Emerson notes that Mr. Vogelzang's report did not reach the conclusion that the Rudd patents-in-suit were invalid.

In reply, ABT concedes that portions of Mr. Vogelzang's report do "have some potential relevance to the 'secondary factors' which relate to an obviousness determination,[1] provided that Mr. Vogelzang does not testify as to the ultimate

---

[1] In *KSR International Co. v. Teleflex, Inc.*, 550 U.S. 398, 406-07 (2007), the Supreme Court explained that underlying the legal question of obviousness, are

conclusion of obviousness itself."

## **DISCUSSION**

The admission of expert testimony in federal court is governed by Federal Rule of Evidence 702, which provides as follows:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

The rule was amended to its current form in 2000 in response to *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), which charged trial judges with acting as "gatekeepers" to exclude unhelpful and unreliable expert testimony. "'Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence.'" *Olson v. Ford Motor Co.*, 481 F.3d 619, 626 (8th Cir. 2007) (quoting *Daubert*, 509 U.S. at 596). "Doubts regarding whether an expert's testimony will be useful should generally be resolved in favor of admissibility." *Gray v. Cottrell, Inc.*, No. 4:05-CV-1852 (CEJ), 2007 WL 2360132, *1 (E.D. Mo.) (Aug. 14, 2007) (citation omitted).

The Court concludes that Mr. Vogelzang's report and testimony are relevant to the issues in this case, and are also likely to be useful at trial. *See, e.g.*, *Birchwood Labs.*,

---

"secondary considerations," including such factual questions as commercial success, long felt but unsolved needs, and failure of others.

- 4 -

*Inc. v. Battenfeld Techs., Inc.*, No. No. 09-3555 (MJD/JJK), 2012 WL 2045757, at *8 (D. Minn. May 21, 2012) (order denying motion to exclude expert's opinion in patent case where expert was an expert in a pertinent aspect of the relevant art, although not an expert in the entire field art); *Advanced Software Design Corp. v. Fiserv, Inc.*, No. 4:07CV185 CDP, 2012 WL 1684495, at *8 (E.D. Mo. May 15, 2012) (denying motion to exclude report of obviousness expert).

ABT concedes that the report is relevant to the issue of obviousness. Any feared confusion to the jury regarding legal standards can be handled by cross-examination and proper instruction. The Court further agrees with Emerson that the report is not merely conclusory, but provides a sufficient basis for Mr. Vogelzang's opinions expressed therein. As discovery proceeds and when the case comes to trial, more focused objections to Mr. Vogelzang's testimony would not be precluded.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that ABT's motion to exclude the report and testimony of Emerson's expert John Vogelzang is **DENIED**. (Doc. No. 230).

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 26th day of July, 2012.