UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ABT SYSTEMS, LLC, et al., ) | |
| ) | |
| Plaintiffs / Counterclaim Defendants, ) | |
| ) | |
| vs. ) | Case No. 4:11CV00374 AGF |
| ) | |
| EMERSON ELECTRIC CO., ) | |
| ) | |
| Defendant / Counterclaim Plaintiff. ) | |

**MEMORANDUM AND ORDER**

This patent infringement action is before the Court on the motion of Defendant/Counterclaim Plaintiff Emerson Electric Co.("Emerson") to strike the late identification of a witness by Plaintiffs/Counterclaim Defendants ABT Systems, LLC, and The University of Central Florida Board of Trustees (jointly "ABT"). ABT filed this action on February 28, 2011, claiming that thermostats manufactured and/or sold by Emerson infringe two patents held by ABT. ABT seeks statutory treble damages for wilful infringement. On January 26, 2010, Emerson filed an answer and counterclaim for declaratory judgment of non-infringement, invalidity, and unenforceability, due in part to ABT's alleged misrepresentations to the Patent and Trademark Office.

On August 22, 2011, ABT identified Brad Townsend as a potential expert witness, but he never submitted an expert report. On June 25, 2012, ABT served its Fourth Supplemental Initial Disclosures, identifying Brad Townsend, as a witness who "may have knowledge regarding the use and value of technology operating according to the patents-in-suit." In email correspondence with Emerson, ABT asserts that it intends to use Mr. Townsend as a fact witness. Emerson asks the Court to strike Mt. Townsend as a fact witness because he has been named after extensive

discovery has been taken, months after the completion of fact depositions, months after expert reports were completed and served, and after most of Plaintiffs' expert witnesses have been deposed.

As Emerson asserts, the record establishes that Mr. Townsend was known to ABT as a potential witness early in this action. ABT has not responded to Emerson's motion to strike in the time allowed for a response, and thus, has offered no reason why Mr. Townsend could not have been identified as a fact witness sooner, nor how ABT might be prejudiced by the granting of the motion to strike.

Accordingly,

**IT IS HEREBY ORDERED** that Emerson's motion to strike the late identification of Brad Townsend as a fact witness is **GRANTED**. (Doc. No. 243).

AUDREY G. FLEISSIG  
UNITED STATES DISTRICT JUDGE

Dated this 21st day of August, 2012.