UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ABT SYSTEMS, LLC, et al., ) | |
| ) | |
| Plaintiffs / Counterclaim Defendants, ) | |
| ) | |
| vs. ) | Case No. 4:11CV00374 AGF |
| ) | |
| EMERSON ELECTRIC CO., ) | |
| ) | |
| Defendant / Counterclaim Plaintiff. ) | |

## MEMORANDUM AND ORDER

This patent infringement case is before the Court on the motion (Doc. No. 325) of Plaintiffs/Counterclaim Defendants ABT Systems, LLC, and The University of Central Florida Board of Trustees for leave to amend their final infringement contentions. For the reasons set forth below, this motion shall be denied.

## BACKGROUND

Plaintiffs claims in this action that thermostats manufactured and/or sold by Defendant infringe two patents held by Plaintiffs, U.S. Patent No. 5,547,017 (the '017 patent") and U.S. Patent No. 6,431,268 ("the '268 patent"). Plaintiffs seek damages under 35 U.S.C. § 284 of a reasonable royalty, treble damages if the alleged infringement is found to be wilful, an injunction prohibiting further infringement, and attorney's fees. Defendant filed a counterclaim for declaratory judgment of noninfringement, invalidity, and unenforceability, due in part to Plaintiffs' alleged misrepresentations to the United States Patent and Trademark Office regarding the scope of prior art.

Plaintiffs initiated this lawsuit on November 5, 2009. Plaintiffs' Final Infringement Contentions were served on November 1, 2010, alleging infringement of Claims 1-6 of the '017 patent and Claims 1-2, 4-7, and 9 of the '268 patent. On March 3, 2012, the Court issued its *Markman* Order. On March 12, 2012, the trial date was moved from August 13, 2012, to January 28, 2013.

On April 23, 2012, Plaintiffs served the expert report of Armin Rudd, who was also the inventor of the patents. The report advanced for the first time, infringement allegations based on Claims 3 and 8 of the '268 patent, which relate to thermostats that work with window and wall air conditioner units. The report notes in a footnote that these "dependent claims" were not in Plaintiff's Final Infringement Contentions, but that "new evidence" showed that certain accused thermostats were specified to work with such units. (Doc. No. 326-1.) In his deposition of July 9, 2012, Mr. Rudd was asked about these two claims, and counsel for Plaintiffs stipulated that Claims 3 and 8 of the '268 patent were not part of their final infringement contentions. (Doc. No. 328-1 at 3.)

As of October 23, 2012, the parties' cross motions for summary judgment were fully briefed. The present motion for leave to amend their final infringement contentions by adding Claims 3 and 8 of the '268 patent was filed by Plaintiffs on November 29, 2012. Plaintiffs acknowledge that under Local Patent Rule 3-8, an amendment of contentions is permitted only "by order of the Court, upon a showing of good cause," and that to show good cause, a movant must show that it acted with diligence in promptly moving to amend when new evidence was revealed in discovery. Plaintiff's recognize that in addition, the

Court must consider whether permitting an amendment would prejudice the non-moving party. Plaintiffs assert that they acted with diligence upon learning that accused thermostats also infringed on Claims 3 and 8 of the '268 patent.

Plaintiffs also assert that Defendant will not be prejudiced by the amendment because it has known of these new claims since April 23, 2012, and had the opportunity to rebut them in its expert reports and to depose Mr. Rudd about the additional claims. In addition, according to Plaintiffs, "these newly asserted dependent claims . . . will not significantly affect [Defendant's] non-infringement position since they merely add another type of air conditioning system that the accused products can be used with, rather than creating some new infringement theory." (Doc. 326 at 3.)

Defendant responds that Plaintiffs did not demonstrate diligence in pursuing Claims 3 and 8 of the '268 patent, and that Defendant would be prejudiced if the Court were to grant Plaintiffs leave to amend. Defendant asserts that in light of the above-noted stipulation at Mr. Rudd's deposition, Defendant had no reason to depose Mr. Rudd about Claims 3 and 8, and that granting Plaintiffs' motion would require resetting the trial date to give Defendant the opportunity to prepare and serve substantive non-infringement contentions, supplemental expert reports regarding Claims 3 and 8, and additional summary judgment briefing to address the invalidity of the new claims.

## **DISCUSSION**

Both sides recognize that a plaintiff's diligence in amending its infringement contentions is central to a finding of good cause. *See O2 Micro Int'l, Ltd. v. Monolithic*

*Power Sys.*, 467 F.3d 1355, 1367 (Fed. Cir. 2006).  Here, Plaintiffs knew of the "new evidence" supporting their proposed new contentions by April 2012, yet did not move for leave to amend until the end of November 2012, two months before the trial date.  The Court concludes that, especially in light of the fact that the trial date was quickly approaching, this does not show diligence, but the opposite.

As Defendants state, fact and expert discovery had closed, the Court had issued its *Markman* decision, and the parties had already fully briefed their respective motions for summary judgment.  Under these circumstances, the Court finds both the lack of diligence on Plaintiffs' part, and the existence of prejudice to Defendants if the amendment were to be permitted.  *See, e.g., Thermapure, Inc. v. Giertsen Co. of Ill.*, No. 10 C 4724 , 2012 WL 6196912, at *4 (N.D. Ill. Dec. 11, 2012); *Network Appliance Inc. v. Sun Microsystems Inc.*, No. C-07-06053 EDL, 2009 WL 2761924, at *6 (N.D. Cal. Aug. 31, 2009) (denying amendments to infringement contentions as prejudicial where case was at an advanced stage, with fact discovery closed, and expert reports exchanged).

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' motion for leave to amend their final infringement contentions is **DENIED**.  (Doc. No. 325).

AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 26th day of December, 2012.