UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ABT SYSTEMS, LLC, et al., | ) |
| | ) |
| Plaintiffs / Counterclaim Defendants, | ) |
| | ) |
| vs. | ) Case No. 4:11CV00374 AGF |
| | ) |
| EMERSON ELECTRIC CO., | ) |
| | ) |
| Defendant / Counterclaim Plaintiff. | ) |

## MEMORANDUM AND ORDER

This patent infringement case is before the Court on the motion (Doc. No. 343) of Plaintiffs/Counterclaim Defendants ABT Systems, LLC, and The University of Central Florida Board of Trustees (jointly "ABT") to bifurcate the jury trial on liability issues, including infringement and invalidity, from the bench trial on the defense of inequitable conduct raised by Defendant / Counterclaim Plaintiff Emerson Electric Co. ("Emerson").

ABT claims in this action that thermostats manufactured and/or sold by Emerson infringe two patents held by ABT. ABT seeks statutory treble damages for willful infringement. Emerson counterclaims for declaratory judgment of non-infringement (Count I); invalidity due to ABT's failure to comply with one or more statutory requirements of patentability (Count II); and unenforceability due to ABT's alleged inequitable conduct in underpaying maintenance fees and failing to disclose to the Patent and Trademark Office ("PTO") that the invention embodied in the patents were developed

1

using federal funding, the scope and content of prior art, and certain infringement allegations and potential litigation.

ABT now asks the Court to bifurcate for trial the invalidity issues, that will be decided by the jury, from the issue of inequitable conduct, that will be decided by the Court. ABT argues that Emerson's evidence of inequitable conduct is so lacking in merit that a jury should not be permitted to hear it, and that allowing the jury to hear this evidence would unfairly prejudice the jury against ABT and harm the reputation of the patent applicant. Emerson argues that because proof of the "central focus" of its inequitable conduct claim involves the overlapping proof of its claims of invalidity due to anticipation, and of its defense to ABT's claim of willfulness, judicial economy would be best served by trying all issues at the same time.

A court "may order a separate trial of one or more separate issues, claims, [or] counterclaims " when warranted "[f]or convenience, to avoid prejudice, or to expedite and economize." Fed. R. Civ. P. 42(b).

To prove inequitable conduct, Emerson will have to show by clear and convincing evidence that the patent applicant (1) misrepresented or omitted information material to patentability, and (2) did so with specific intent to mislead or deceive the PTO. *See Therasense, Inc. v. Becton, Dickinson & Co.*, 649 F.3d 1276, 1287 (Fed. Cir. 2011) (en banc); *see also 1st Media, LLC v. Elec. Arts, Inc.*, 694 F.3d 1367, 1375 (Fed. Cir. 2012). ("An applicant's knowledge of a reference's materiality, however, cannot by itself prove, let alone clearly and convincingly prove, that any subsequent non-disclosure was based on

a deliberate decision."). Inequitable conduct is a matter for the court to decide. *Old Town Canoe Co. v. Confluence Holdings Corp.*, 448 F.3d 1309, 1322 (Fed. Cir. 2006). *PerSpective Biosystems, Inc. v. Pharmacia Biotech, Inc.*, 225 F.3d 1315, 1318 (Fed. Cir. 2000) ("The defense of inequitable conduct is entirely equitable in nature, and thus not an issue for a jury to decide."). And at least certain aspects of a willfulness claim are also for the court and not the jury. *Bard Peripheral Vascular, Inc. v. W.L. Gore & Assocs., Inc.*, 682 F.3d 1003, 1006-07 (Fed. Cir. 2012) (holding that objective recklessness in a willfulness determination under 35 U.S.C. § 284, "even though predicated on underlying mixed questions of law and fact, is best decided by the judge as a question of law subject to de novo review.")[1]

A district court "retains the discretion to conduct a bench trial on the equitable issues of unenforceability in the same case where invalidity is to be tried to a jury." *Agfa Corp. v. Creo Prods., Inc.*, 451 F.3d 1366, 1375 (Fed. Cir. 2006); *see also Powell v. Home Depot U.S.A., Inc.*, 663 F.3d 1221, 1237 n.2 (Fed. Cir. 2011) (recognizing that a district court has broad discretion under Fed. R. Civ. P. 42 to separate issues for management of a patent infringement trial).

Here, while proof of ABT's inequitable conduct and of invalidity and/or willfulness may overlap, the Court finds that bifurcation is appropriate. There is no need to burden

---

[1] In *Highmark, Inc. v. Allcare Health Management Systems, Inc.*, 701 F.3d 1351, 1357 n.1 (Fed. Cir. 2012), the dissent suggested that the Federal Circuit should revisit *Bard* en banc because it could not be reconciled with *Powell v. Home Depot U.S.A., Inc.*, 663 F.3d 1221, 1229 (Fed. Cir. 2011) ("When the resolution of a particular issue or defense is a factual matter, however, whether reliance on that issue or defense was reasonable under the objective prong is properly considered by the jury.")

and possibly prejudice the jury with evidence of issues that are to be decided by the Court. *See Dekalb Genetics Corp. v. Syngenta Seeds, Inc.*, No. 4:06CV01191 ERW, 2008 WL 382385, at *2 (E.D. Mo. Feb. 12, 2008). The evidence solely related to inequitable conduct will be taken during the trial, outside the hearing of the jury and on a schedule that allows for efficient utilization of the jury.

Accordingly,

**IT IS HEREBY ORDERED** that ABT's motion to bifurcate is **GRANTED**. (Doc. No. 343).

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 4th day of February, 2013.