UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ABT SYSTEMS, LLC, et al., | ) |
| | ) |
|    Plaintiffs / Counterclaim Defendants, | ) |
| | ) |
| vs. | )   Case No. 4:11CV00374 AGF |
| | ) |
| EMERSON ELECTRIC CO., | ) |
| | ) |
|    Defendant / Counterclaim Plaintiff. | ) |

## MEMORANDUM AND ORDER

This patent infringement case is before the Court on the motion (Doc. No. 359) of Defendant Emerson Electric Co. ("Emerson") for reconsideration of the Court's decision, in the Memorandum and Order addressing the parties' cross motions for summary judgment (Doc. No. 356), that Emerson's accused thermostats infringe the two patents at issue in this case. Emerson argues that Plaintiffs are not entitled to summary judgment on this issue because Plaintiffs have not identified an actual user of the allegedly infringing feature of the thermostats, namely the Comfort Circulating Fan ("CCF") feature. Emerson points to the fact that the thermostats in question permit a user to set the system fan to operate in different ways, only one of which uses the CCF feature.

Plaintiffs assert that Emerson's argument was not previously raised, and thus, is not a proper basis for a motion for reconsideration. *See Arnold v. ADT Sec. Servs. Inc.*, 627 F.3d 716, 721 (8th Cir. 2010) ("Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence. . . . A

1

motion for reconsideration is . . . not the appropriate place to tender new legal theories for the first time.") (citation omitted).  While it is true that Emerson did not make this precise argument in its opposing ABT's motion for summary judgment, Emerson did assert in its prior opposition that Plaintiffs failed to identify a direct infringer and that Plaintiffs had no evidence that the installed thermostats were part of an air conditioning system.  Though the argument Emerson now asserts is slightly different, it is sufficiently close that the Court will not refuse to address the motion for reconsideration on this ground.

As to the merits of the motion, evidence shows extensive sales since 2006 of thermostats incorporating the CCF feature and that a customer cannot remove or disable the feature.  In addition, the record includes advertising by Emerson that tells consumers to use the CCF feature to improve indoor air quality.  The Court concludes that this is sufficient circumstantial evidence from which a jury could find that at least one consumer actually used the CFF feature.  *See Toshiba Corp. v. Imation Corp.*, 681 F.3d 1358, 1364-65 (Fed. Cir. 2012) (to prevail on a claim of induced infringement, "[c]ircumstantial evidence must show that at least one person directly infringed an asserted claim during the relevant time period. . . .  This is not the first time we have concluded that where an alleged infringer designs a product for use in an infringing way and instructs users to use the product in an infringing way, there is sufficient evidence for a jury to find direct infringement."); *Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1317-18 (Fed. Cir. 2009) (same); *Mondis Tech., Ltd. v. LG Elecs., Inc.*, No. 2:07-CV-565-TJW-CE, 2011 WL 3847603, at *5 (E. D. Tex. Aug. 29, 2011) (holding that evidence of extensive sales of the

motion for reconsideration is . . . not the appropriate place to tender new legal theories for the first time.") (citation omitted).  While it is true that Emerson did not make this precise argument in its opposing ABT's motion for summary judgment, Emerson did assert in its prior opposition that Plaintiffs failed to identify a direct infringer and that Plaintiffs had no evidence that the installed thermostats were part of an air conditioning system.  Though the argument Emerson now asserts is slightly different, it is sufficiently close that the Court will not refuse to address the motion for reconsideration on this ground.

As to the merits of the motion, evidence shows extensive sales since 2006 of thermostats incorporating the CCF feature and that a customer cannot remove or disable the feature.  In addition, the record includes advertising by Emerson that tells consumers to use the CCF feature to improve indoor air quality.  The Court concludes that this is sufficient circumstantial evidence from which a jury could find that at least one consumer actually used the CFF feature.  *See Toshiba Corp. v. Imation Corp.*, 681 F.3d 1358, 1364-65 (Fed. Cir. 2012) (to prevail on a claim of induced infringement, "[c]ircumstantial evidence must show that at least one person directly infringed an asserted claim during the relevant time period. . . .  This is not the first time we have concluded that where an alleged infringer designs a product for use in an infringing way and instructs users to use the product in an infringing way, there is sufficient evidence for a jury to find direct infringement."); *Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1317-18 (Fed. Cir. 2009) (same); *Mondis Tech., Ltd. v. LG Elecs., Inc.*, No. 2:07-CV-565-TJW-CE, 2011 WL 3847603, at *5 (E. D. Tex. Aug. 29, 2011) (holding that evidence of extensive sales of the

accused products and that infringer provided instruction manuals that instructed how to use the products in the infringing manner was sufficient).

Accordingly,

**IT IS HEREBY ORDERED** that Emerson's motion for reconsideration is **DENIED**. (Doc. No. 359).

                                                AUDREY G. FLEISSIG
                                                UNITED STATES DISTRICT JUDGE

Dated this 6th day of February, 2013.