UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ABT SYSTEMS, LLC, et al., ) | |
| ) | |
| Plaintiffs / Counterclaim Defendants, ) | |
| ) | |
| vs. ) | Case No. 4:11CV00374 AGF |
| ) | |
| EMERSON ELECTRIC CO., ) | |
| ) | |
| Defendant / Counterclaim Plaintiff. ) | |

**MEMORANDUM AND ORDER**

Following a hearing on the record on February 6, 2013, on the parties' pending motions, and as elaborated upon by the Court at the hearing,

**IT IS HEREBY ORDERED** that Plaintiffs' motion in limine # 1 to exclude the testimony of Emerson's expert James Carmichael and Plaintiffs' expert Thomas Scavone on the issue of Plaintiffs' inequitable conduct is **DENIED as moot**. (Doc. No. 390.) The parties agreed to submit this testimony, likely in written form, to the Court.

**IT IS FURTHER ORDERED** that Plaintiffs' motions in limine # 2 and #3 to exclude a 2007 survey conducted by Emerson's expert John Sartain, Mr. Sartain's opinion that the infringing feature of Emerson thermostats is not a feature that customers care about, documents showing a 2005 release date of Honeywell's PC8900 thermostat, the declaration of James Murray, a sample Honeywell PC8900 thermostat, and Honeywell's July 20, 1995 Technical Training Script for its PC8900 thermostat are **DENIED**, with the

following provisos: Emerson will be required at trial to lay a proper foundation to Mr. Sartain's above-noted opinion; and Emerson shall arrange for Plaintiffs to take a brief deposition of David Stoner.  (Doc. No. 393 & No. 396.)[1]

**IT IS FURTHER ORDERED** that Plaintiffs' motion in limine # 4 to exclude new references to prior art is **DENIED**, with the provisos that the references may be used only for impeachment purposes; and that Emerson will alert the Court at trial before using these references.  (Doc. No. 398.)

**IT IS FURTHER ORDERED** that Plaintiffs' motion in limine # 5 to exclude the inequitable conduct defenses related to government rights and improper maintenance fees is **DENIED**.  (Doc. No. 400.)

**IT IS FURTHER ORDERED** that Plaintiffs' motion in limine # 6 to exclude a laches defense is **DENIED**. (Doc. No. 403.)

**IT IS FURTHER ORDERED** that Defendant's motion in limine (Doc. No. 405) is **GRANTED** in part and **DENIED** in part as follows:

I. Motion to exclude customer product reviews appearing on the internet to establish actual use of the infringing feature of Emerson's accused products, on hearsay grounds, is **DENIED** with respect to customer comments, provided that Plaintiffs lay a proper foundation and the comments are not offered for their truth of the matters asserted. Emerson may request a limiting instruction as to the use of these comments only to show customer use.  Plaintiffs may seek permission at trial to use the comments for impeachment purposes, depending upon the evidence presented by Emerson.  The motion is **GRANTED** with respect to introduction of "sorting" information to show popularity of

---

[1] Plaintiffs withdrew motion in limine # 3 to the extent that it seeks preclusion of an Emerson wholesale Price Schedule.

the infringing feature.

II. Motion to preclude Mr. Rudd's testimony and journal entries about what was said or not said by Honeywell representatives regarding the Honeywell PC8900 in conversations with Mr. Rudd in 1995 and 1997 is **GRANTED**, as this evidence would be inadmissable hearsay. Based on the evidence presented, the Court finds that Mr. Rudd's notes of his conversations does not qualify as a business records. The failure of the Honeywell representatives to mention the Honeywell PC8900 to Mr. Rudd cannot be offered to prove that it was not on the market at the time. As offered by Plaintiffs, this is assertive conduct, offered for the truth, and is thus also inadmissible hearsay. The cases cited by Plaintiffs are inapposite.

III. Motion to exclude expert testimony by different experts on the issues of infringement is **DENIED as moot**, and is **DENIED** with respect to expert testimony on the issues of invalidity and inequitable conduct, provided that duplicative testimony is not offered by different experts.

IV. Motion to exclude testimony of Plaintiffs' expert Joseph Lstiburek on the issue of obviousness shall be **RESERVED** pending the Court's voir dire of Mr. Lstiburek outside the hearing of the jury with regard to his background and the basis of his opinions.

V. Motion to preclude Plaintiffs from claiming that the technology of the Rudd patents is "common" and is "taking over the industry" is **DENIED**, with the understanding that Plaintiffs will not use those specific or similarly-misleading terms.

VI. Motion to exclude expert testimony not disclosed in expert reports is **WITHDRAWN** by the parties.

VII. Motion to exclude testimony by Plaintiffs' validity expert(s) from testifying on the lack of enablement in certain prior art is **WITHDRAWN** by the parties.

VIII. Motion to exclude expert testimony of Plaintiffs' computer forensic expert Nicholas Burton is **DENIED**.

IX. Motion to exclude testimony of Mr. Rudd as an expert on the issue of inequitable conduct is **DENIED**.

X. Motion to exclude ABT's evidence of substantial marking compliance to show notice shall be dealt with by separate Order following the submission of further information by the Plaintiffs.

XI. Motion to exclude evidence related to Emerson's license with Hunter Fan is **GRANTED** on the bases argued by Emerson, subject to Emerson providing evidence that the license was the result of threatened litigation.

XII. Motion to exclude evidence regarding the settlements of former Defendants is **GRANTED**.

XIII. Motion to exclude evidence of the royalty rates set in licenses entered into to settle litigation is **WITHDRAWN** by the parties.

XIV. Motion to preclude evidence related to Bart Toth's knowledge of the Rudd patents based on the citation of those patents in one of Mr. Toth's patents is **DENIED**. Plaintiffs, however, will not be permitted to impute Mr. Toth's knowledge to Emerson, absent proper evidence.

XV. Motion to preclude introduction of evidence regarding former Defendant Braeburn's attempt to design around the Rudd patents is **WITHDRAWN** by the parties.

XVI. Motion to exclude reference to Emerson's failure to obtain a written opinion of Counsel with respect to infringement is **WITHDRAWN** by the parties.

XVII. Motion to prevent the admission of evidence or testimony regarding subsequent remedial measures to show an admission of infringement is **GRANTED**, except to the extent that Emerson opens the door to such evidence by presenting its own evidence of the reasons it took the remedial measures.

XVIII. Motion to exclude evidence of alleged animosity between Mr. Rudd and Max Sherman is **DENIED**, with the proviso that such evidence will be limited to the fact of the lawsuit between these individuals and their professional disagreements.

XIX. Motion to exclude evidence of Emerson's profits and revenue related to anything other than the accused products is **WITHDRAWN** by the parties.

XX. Motion to exclude any insinuation of an improper motive for amendment of discovery responses by Emerson is **GRANTED in part and DENIED in part.** Plaintiffs may offer evidence of changes in the discovery responses, but may not impute improper attorney complicity in any changes.

XXI. Motion to exclude testimony by Plaintiffs' expert(s) on invalidity related to teaching away is **WITHDRAWN** by the parties.

XXII. Motion to limit Plaintiffs' presentation of evidence in their case-in-chief on issues in which Emerson has the burden of proof shall be ruled upon by separate Order following further discussion with the parties.

XXIII. Motion to exclude reference to the fact of reexamination of the Rudd patents is **GRANTED**, based on the parties' agreement discussed at the hearing.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 7th day of February, 2013.