UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ABT SYSTEMS, LLC, et al., | ) | |
| | ) | |
|    Plaintiffs / Counterclaim Defendants, | ) | |
| | ) | |
| vs. | ) | Case No. 4:11CV00374 AGF |
| | ) | |
| EMERSON ELECTRIC CO., | ) | |
| | ) | |
|    Defendant / Counterclaim Plaintiff. | ) | |

## MEMORANDUM AND ORDER

This patent infringement case is before the Court on the motion (Doc. No. 333) of Defendant Emerson Electric Co. ("Emerson") to exclude the report and testimony of John Timothy Cromley, a damages expert of Plaintiffs ABT Systems, LLC, and The University of Central Florida Board of Trustees (jointly "ABT"). For the reasons set forth below, the motion shall be granted in part and denied in part.

## BACKGROUND

ABT claims in this action that thermostats manufactured and/or sold by Emerson infringe two patents held by ABT. ABT seeks statutory treble damages for willful infringement. Emerson counterclaims for declaratory judgment of non-infringement, invalidity, and unenforceability. The parties agree that if the patents-in-suit are found valid, enforceable, and infringed, damages would be based on a "reasonable royalty" under 35 U.S.C. § 284, which "derives from a hypothetical negotiation between the patentee and the infringer when the infringement began." *See ResQnet.com, Inc. v. Lansa, Inc.*, 594 F.3d 860, 868-69 (Fed. Cir. 2010) (internal quotations omitted). The Federal Circuit has

1

sanctioned the use of the multiple factors listed in *Georgia-Pacific Corp. v. U. S. Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970), to determine what a reasonable royalty rate would be. *See LaserDynamics, Inc. v. Quanta Computer, Inc.*, 694 F.3d 51, 67 (Fed. Cir. 2012).

## **DISCUSSION**

By statute, reasonable royalty damages are deemed the minimum amount of infringement damages "adequate to compensate for the infringement." 35 U.S.C. § 284. Such damages are awarded "for the use made of the invention by the infringer." *Id*.

The admission of expert testimony in federal court is governed by Federal Rule of Evidence 702, which provides as follows:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
> **(a)** the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> **(b)** the testimony is based on sufficient facts or data;
> **(c)** the testimony is the product of reliable principles and methods; and
> **(d)** the expert has reliably applied the principles and methods to the facts of the case.

The rule was amended to its current form in 2000 in response to *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589 n.7 (1993), which charged trial judges with acting as Agatekeepers@ to exclude unhelpful and unreliable expert testimony. Otherwise, "[i]t is decidedly the jury's role to evaluate the weight to be given to the testimony of dueling qualified experts." *Uniloc ESA, Inc. v. Microsoft Corp.*, 632 F.3d 1292, 1306 (Fed. Cir. 2011) (citation omitted).

Here the accused products are touchscreen thermostats for air conditioning systems. The thermostats have several features, including the touchscreen feature itself. One of the

2

features is called the "Comfort Circulating Fan" ("CCF"), the feature that is alleged to be covered by the patents at issue.

The Court will not describe Mr. Cromley's report with any detail, as it was filed under seal. But the Court will point to several aspects of the report that the Court finds problematic. First, as ABT concedes, the "25% Rule" discussed in Mr. Cromley's report has been rejected by the Federal Circuit as a way to determine a reasonable royalty rate. *See LaserDynamics,* 694 F.3d at 69 (quoting *Uniloc,* 632 F.3d at 1318 ("The use of such a rule fails to pass muster under *Daubert* and taints the jury's damages calculation.")). Accordingly, Mr. Cromley will not be permitted to testify with respect to that rule.

Mr. Cromley based his opinion of what a reasonable royalty rate would be in this case, in part upon his belief that an Emerson trade brochure and the face of the touchscreen of the accused products suggest that the CCF feature of the accused products "could be the most important feature" of the products, and together with the touchscreen feature, "the central selling point" of the accused products. He opined that this resulted in a "significant upward impact on the royalty rate derived for the patents-in-suit." The Court concludes that this opinion is neither warranted by the facts relied upon by Mr. Cromley, nor the result of reliable principles and methods. Accordingly, he will not be permitted to testify regarding this aspect of his expert opinion. "A damages theory must be based on 'sound economic and factual predicates.'" *Id*. at 67 (quoting *Riles v. Shell Exploration & Prod. Co.*, 298 F.3d 1302, 1311 (Fed. Cir. 2002); *Multimedia Patent Trust v. Apple Inc*., No.

3

10-CV-2618-H (KSC), 2012 WL 5873711, at *4 (S.D. Cal. Nov. 20, 2012) (holding that a damages expert's opinion that improperly utilized the entire market value rule in calculating the reasonable royalty should be excluded); *IP Innovation LLC v. Red Hat, Inc.*, 705 F. Supp. 2d 687, 689-91 (E.D. Tex. 2010) (rejecting damage expert's report because he relied upon irrelevant unreliable evidence and failed to account for economic realities).

Mr. Cromley opined regarding an "apparent upward trend" in royalty rates for the patents at issue from 2003. This opinion shall not be admissible to the extent that it is based upon the royalty rates paid by four licensees from 2003 to 2005, as appearing in a chart in Mr. Cromley's report. The Court agrees with Defendants that this opinion is not supported by the four royalty rates relied upon. *See Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997) (holding that under *Daubert*, "[n]othing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert" . . . and [a] court may conclude that there is simply too great an analytical gap between the data and the opinion proffered.")

Lastly, Mr. Cromley will not be permitted to base his opinion of what a reasonable royalty rate would be in this case upon the royalty rate agreed to in 1987 between Emerson and Hunter Fan, because Mr. Cromley has not shown that the patented technology in that license agreement was sufficiently linked to the economic demand for the claimed technology. *See LaserDynamics, Inc.*, 694 F.3d at 79 ("When relying on licenses to prove a reasonable royalty, alleging a loose or vague comparability between different technologies or licenses does not suffice."); *ResQNet.com, Inc.*, 594 F.3d at 870 (holding

4

that the patentee's expert improperly "used licenses with no relationship to the claimed invention to drive the royalty rate up to unjustified double-digit levels"); *Lucent Techs. Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1332 (Fed. Cir. 2009) (holding that it was improper for patentee to rely on various licenses in the same general computer field without proving that they were "sufficiently comparable" to the patented technology).

The Court does not believe that the above rulings require that Mr. Cromley's entire report and testimony be excluded, though these rulings limit many of Mr. Cromley's conclusions. ABT's argument that Mr. Cromley's entire opinion should be stricken because it was based on only four of the multiple relevant factors, is without merit. A finding that certain *Georgia-Pacific* factors did not have an upward or downward effect on a reasonable royalty rate in a particular case, as Mr. Cromley found here, does not mean that those factors were not considered. Any challenge to these remaining aspects of Mr. Cromley's opinion will be left to cross examination.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Emerson's motion to preclude the testimony of ABT's expert John Timothy Cromley is **GRANTED** in part and **DENIED** in part as set forth above. (Doc. No. 333).

*Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 8th day of February, 2013.

5