UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ABT SYSTEMS, LLC, et al., ) | |
| ) | |
| Plaintiffs / Counterclaim Defendants, ) | |
| ) | |
| vs. ) | Case No. 4:11CV00374 AGF |
| ) | |
| EMERSON ELECTRIC CO., ) | |
| ) | |
| Defendant / Counterclaim Plaintiff. ) | |

## MEMORANDUM AND ORDER

This patent infringement case is before the Court on the post-trial motion of Plaintiffs to re-open the damages case for the purpose of correcting the infringing sales base (Doc. No. 471). For the reasons set forth below, the motion shall be denied.

This action was filed on November 9, 2009. An eight-day jury trial was conducted from February 11-21, 2013, on the issue of whether Defendant had infringed on claims in two patents owned by Plaintiffs related to thermostats. On the first day of trial, the Court granted Defendant's motion in limine to exclude Plaintiffs' expert evidence that Plaintiffs had engaged in "marking" products incorporating the two patents at issue and thereby provided Defendant with constructive notice of the patents prior to the date the action was filed.[1]

On February 20, 2013, the parties stipulated before the jury that "after November 5, 2009 [Defendant] sold a total of 138,391 accused thermostats and that the total revenue from those sales was $13,735,283." (Doc. No. 486 at 3.) The end date of April 30, 2011 was agreed to by Plaintiffs, and was based on the only disclosures they had made in their trial materials and expert reports. Without objection by either side, the jury was instructed that the date of the lawsuit, November 5, 2009, was the date for the start of recoverable damages, and

---

[1] The Court ruled that this evidence was inadmissible because it was based on hearsay.

that the parties agreed that Defendant sold a total of 138,391 accused thermostats "after this date" (and that the total revenue for these sales was $13,735,283). (Doc. No. 464 at 28.) In the verdict form, also agreed to by the parties, the jury was instructed that it could only consider damages from November 5, 2009, the date the lawsuit was filed, to April 30, 2011. (Doc. No. 466 at 4.)

On February 21, 2013, the jury returned its verdict finding that Defendant had infringed certain claims of the two patents at issue. The jury found that the reasonable royalty rate for the infringing sales was $2.25 per unit, for a total of $311,379, as the amount that would reasonably compensate Plaintiffs for the infringement the jury found. Still to be determined by the Court before judgment can be entered is whether Defendant was a willful infringer and whether there was any inequitable conduct on Plaintiffs' part.

In its present motion to reopen, filed on March 7, 2013, Plaintiffs argue that the jury was incorrectly instructed to consider the number of infringing sales from the filing date of the lawsuit through April 30, 2011. Rather, the jury should have been told to consider the number of infringing sales up to the time of trial, which Plaintiffs assert was 268,010. Plaintiffs would like to re-open the case "in the interests of justice," for the limited purpose of applying the $2.25 per unit royalty rate to 268,010 units, and ruling that compensatory damages were in the amount of the resulting total (of $603,022.50). Plaintiffs fault Defendant for producing relevant sales data late – on January 19 and 30, 2013 – and that the data was presented by means of confusing spreadsheets. Plaintiffs assert that they could not properly analyze the spreadsheets until after they rested their case in chief. Plaintiffs also assert that they agreed to a stipulation as to the infringing sales base of 138,391 "to avoid having its entire damages case dismissed." (Doc. No. 472 at 7.)

In their reply memorandum, Plaintiffs state that 268,010 may not be the true number of relevant infringing sales, and that only Defendant knows the true number. Plaintiffs therefore ask the Court to reopen the damages case, not for the purpose of applying the jury's $2.25 royalty rate to 268,010 units, but for the purpose of recalculating the infringing sales base and modifying the jury verdict accordingly.

Plaintiffs assert that the Court has the inherent authority to grant the relief Plaintiffs seek, and also has such authority under Federal Rule of Civil Procedure 60(b).

The Court agrees with Defendant that Plaintiffs' realization that they should have done things differently during trial does not provide the Court with a basis to reopen the damages case two weeks after the jury returned its verdict. Plaintiffs had ample opportunity prior to trial to seek relief with regard to any tardy disclosures. If Defendant's sales evidence was not clear, the time to clarify it was before or even during trial, not after the jury returned its verdict. In none of the cases cited by Plaintiffs did a court reopen a case for additional evidence on damages, after the jury had been discharged. Nor have Plaintiffs cited a case in which Rule 60(b) was applied in a context similar to the one here.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' motion to re-open the damages case for the purpose of correcting the infringing sales base is **DENIED**. (Doc. No. 471).

AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 26th day of June, 2013.