UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ABT SYSTEMS, LLC, et al., )<br>)<br>Plaintiffs / Counterclaim Defendants, )<br>)<br>vs. )<br>)<br>EMERSON ELECTRIC CO., )<br>)<br>Defendant / Counterclaim Plaintiff. ) | Case No. 4:11CV00374 AGF |

## **MEMORANDUM AND ORDER**

This patent infringement case is before the Court on the motion (Doc. No. 528) of Plaintiffs/Counterclaim Defendants ABT Systems, LLC, and The University of Central Florida Board of Trustees (jointly, "ABT") to amend the judgment entered in the case on February 13, 2014, in ABT's favor upon a jury verdict that Defendant infringed one of ABT's patents. ABT argues that the judgment does not reflect the actual number of relevant sales of Defendant's infringing product. For the reasons set forth below, the motion for reconsideration shall be denied.

On February 21, 2013, following an eight-day trial, the jury returned its verdict in favor of ABT in the amount of $311,379 based on a royalty rate of $2.25 per infringing sale by Defendant and 138,391infringing sales. Before judgment was entered, ABT moved to reopen the case for the purpose of applying the royalty rate found by the jury to 268,010 infringing sales. ABT argued that the jury was incorrectly instructed to consider the number of infringing sales from November 5, 2009, through April 30, 2011; rather, the jury

should have been told to consider the number of infringing sales from November 5, 2009, up to the time of trial, which was 268,010.

By Memorandum and Order dated June 26, 2013, the Court denied ABT's motion to reopen. The Court explained that the April 30, 2011 end date was stipulated to by ABT before the jury was instructed, and was based on the only disclosures on the issue that Plaintiffs had made in their trial materials and expert reports. (Doc. No. 508.) Judgment was entered on February 13, 2014, after the Court resolved the claims of inequitable conduct (on the part of ABT), and willfulness (on the part of Defendant) raised by the parties.

In the motion now under consideration, filed on March 13, 2014, ABT asks the Court to amend the judgment, and for an accounting, to include in a modified judgment any infringing sales after December 31, 2012, up to the present date. In its memorandum in support of the motion, as well as in its reply, ABT argues that infringing sales after April 30, 2011, should be included in a modified judgment, for the same reasons it presented in support of its earlier motion to reopen. ABT asserts that it was "forced" to stipulate to the April 30, 2011 end date during trial because it did not understand the "incomprehensible," "obscure," and "unusable" monthly sales data provided by Defendant in mid- and late January 2013, and ABT should not be penalized for this. ABT argues that it would be a "manifest injustice" for the Court not to relieve ABT of the stipulation. For amending the judgment and an accounting of infringing sales up to the present, ABT argues that Defendant's evidence presented at trial that it ceased infringing sales in October 2012 has proven to be untrue, at least with respect to infringing sales in December 2012.

The Court recognizes its authority to set aside a stipulation if necessary to prevent a manifest injustice. *See, e.g., Sims v. Wyrick*, 743 F.2d 607, 610 (8th Cir. 1984) (holding that "stipulations of fact fairly entered into are controlling and conclusive, and that relief from such stipulations will be granted only under exceptional circumstances" where manifest injustice would otherwise result). The Court does not believe, however, that this is a case warranting disregard of ABT's stipulation at trial as to the end date for the relevant infringing sales to be considered by the jury, especially at this point in the proceedings. *See id*. ("[W]e cannot accept the suggestion that a stipulation may be disregarded whenever substantial evidence contradicting it is introduced.").

The cases cited by ABT are either inapposite, or contrary to ABT's position. For example, in *Whitaker v. Associated Credit Services, Inc*., 946 F.2d 1222 (6th Cir. 1991), the court set aside a $500,000 judgment entered in favor of the plaintiffs pursuant to the defendant's offer of judgment, where the original offer of judgment was to be for $500, but was erroneously transmitted as $500,000 due to a clerical error. *Id*. at 1223. Clearly that is not comparable to the situation here. And in *Metro Tech Service Corp. v. Payless Shoe Source, Inc*., No. 07 C 0101, 2007 WL 2003039 (N.D. Ill. July 6, 2007), after citing the general proposition that a "district court has the power to relieve a party from a stipulation if the facts show that it is reasonable to do so," the court, in fact, refused to set aside the defendant's stipulation as to damages, finding that "no injustice occurred because the stipulation entered into does not reveal the claimed mistake on its face that [the defendant] argues and the facts reveal that [the defendant] had ample opportunity to review the stipulation during the trial." *Id*. at *3.

3

ABT's allegations of intentional misconduct on Defendant's part in relation to the stipulation at issue are not persuasive.

Accordingly,

**IT IS HEREBY ORDERED** that ABT's motion to alter or amend the judgment is **DENIED**. (Doc. No. 528).

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 2nd day of June, 2014.