UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ABT SYSTEMS, LLC, et al., ) | |
| ) | |
| Plaintiffs / Counterclaim Defendants, ) | |
| ) | |
| vs. ) | Case No. 4:11CV00374 AGF |
| ) | |
| EMERSON ELECTRIC CO., ) | |
| ) | |
| Defendant / Counterclaim Plaintiff. ) | |

## MEMORANDUM AND ORDER

This patent infringement case is before the Court on the motion for prejudgment interest (Doc. No. 524) filed by Plaintiffs/Counterclaim Defendants ABT Systems, LLC, and The University of Central Florida Board of Trustees (jointly, "ABT"). For the reasons set forth below, the motion shall be granted.

On February 21, 2013, the jury returned its verdict in favor of ABT in the amount of $311,379, based on 138,391 infringing sales by Defendant from November 5, 2009, to April 30, 2011. Judgment was entered on February 13, 2014, in the amount of the verdict, after the Court determined that ABT was not entitled to treble damages. ABT now asks that it be awarded prejudgment interest as part of the judgment.

The Supreme Court has explained that in patent infringement cases, "prejudgment interest should ordinarily be awarded where necessary to afford the plaintiff full compensation for the infringement." *Gen. Motors Corp. v. Devex Corp.*, 461 U.S. 648, 654 (1983). Prejudgment interest is not a penalty but "serves to make the patent owner whole, for damages properly include the foregone use of money of which the patentee was wrongly deprived." *Sensonics, Inc. v. Aerosonic Corp.*, 81 F.3d 1566, 1574 (Fed. Cir. 1996); *see also Beatrice Foods v. New England Printing*, 923 F.2d 1576, 1580 (Fed. Cir.

1991) (explaining that an award of prejudgment interest is necessary to ensure that the plaintiff is placed in the same position as he would have been in if the defendant had entered into a reasonable royalty agreement).

District courts have "wide latitude" in the selection of prejudgment interest rates. *Uniroyal, Inc. v. Rudkin-Wiley Corp.*, 939 F.2d 1540, 1545 (Fed. Cir. 1991). A variety of rates have been utilized by courts in patent cases, including statutory rates set by state statute, the U.S. Treasury Bill ("T-Bill") rate, the prime rate, the prime rate plus a percentage, and the defendant's corporate borrowing rate. In addition, "the determination whether to award simple or compound interest similarly is a matter largely within the discretion of the district court." *Gyromat Corp. v. Champion Spark Plug Co.*, 735 F.2d 549,557 (Fed. Cir. 1984). Prejudgment interest is awarded "from the time that royalty payments would have been received." *Gen. Motors Corp.*, 461 U.S. at 656.

Here, ABT asks for prejudgment interest in the amount of $65,249, as calculated by its damages expert based on Defendant's borrowing rate (5.77% for fiscal year 2010 and 4.78% for fiscal year 2011) and the assumption that of the total royalty damages, $202,396 became due from November 5, 2009 to November 30, 2010; and $108,983 became due from October 1, 2010, to April 30, 2011. ABT notes that had Defendant taken a license in the patent at issue, the license fees that would have been paid to ABT would have been quite a bit higher. ABT's damages expert calculates that if the Court were to use the applicable prime rate of 3.25%, total prejudgment interest would be $37,596.

Defendant argues that the T-Bill rate (less than 0.5% for a significant portion of the period at issue) should be used because ABT made no showing that it would have enjoyed

a greater return on any specific investment opportunities, or that it was forced to borrow money at a higher interest rate than the T-Bill rate due to the absence of Defendant's royalty payments. This would result in a total award of prejudgment interest in the amount of $2,586.19. Defendant also argues that ABT's prejudgment interest should be reduced due to ABT's limited success at trial – it sought approximately $12 million in treble damages and only recovered $311,379.

The Court finds that Plaintiffs are entitled to prejudgment interest on their damages award and that in light of the purpose of such an award, Defendant's borrowing rate, as applied by Plaintiffs' expert, is the most logical and equitable rate to adopt. *See In re Mahurkar Double Lumen Hemodialysis Catheter Patent Litig.*, 831 F. Supp. 1354, 1394-95 (N.D. Ill. 1993) (explaining why this rate is appropriate in the patent infringement context). Defendant takes no issue with the method of calculation used by ABT's expert, or the accuracy of the result. The Court finds unpersuasive Defendant's argument that the amount of prejudgment interest should be reduced based on ABT's degree of success in the case.

Accordingly,

**IT IS HEREBY ORDERED** that ABT's motion for an award of prejudgment interest is **GRANTED** in the amount of $65,249. (Doc. No. 524.)

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 6th day of June, 2014.