UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION


ABT SYSTEMS, LLC, and THE           )
UNIVERSITY OF CENTRAL FLORIDA       )
BOARD OF TRUSTEES,                  )
                                    )
                                    )
    Plaintiffs / Counterclaim Defendants,  )
                                    )
        vs.                         )          Case No. 4:11CV00374 AGF
                                    )
EMERSON ELECTRIC CO.,               )
                                    )
    Defendant / Counterclaim Plaintiff.  )


## MEMORANDUM AND ORDER

Plaintiffs, as the prevailing party in this patent infringement action, filed a motion

for bill of costs (Doc. No. 523), seeking $43,217.30 in costs.   Defendant objected, arguing

that several components of Plaintiffs' bill of costs are unreasonable and/or not allowed, and

that recoverable costs should be reduced by $16,961.23 for a total of $26,256.07.

Defendant also maintains that Plaintiffs' request should be reduced because of their

"limited success at trial."   (Doc. No. 534.)   Plaintiffs agreed to reduce their request by

$1,774.31, for a total request of $41,442.99[1].   Upon review of the items and amounts still

in contention, the Court concludes that Plaintiffs are entitled to $39,181.34 of the

$41,442.99 they now request.

Rule 54(d) of the Federal Rules of Civil Procedure provides that costs other than

attorney's fees should be allowed to the prevailing party.   Pursuant to 28 U.S.C. § 1920,

---

[1]   The Court notes that Plaintiffs erroneously state the total request as $41,422.99 in their
Reply in Support of Their Bill of Costs.   (Doc. No. 548.)

the Court may tax costs for (1) fees of the clerk and marshal, (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case, (3) fees and disbursements for printing and witnesses, (4) fees for copies of any materials where the copies are necessarily obtained for use in the case, (5) docket fees, and (6) compensation of court appointed experts and for interpreters.   The Court may not award costs other than those authorized by § 1920, because this section "imposes rigid controls on cost-shifting in federal courts."   *Gray v. FedEx Ground Package Sys., Inc.*, No. 4:06-CV-00422 JAR, 2014 WL 4386739 at *1 (E.D. Mo. Sept. 5, 2014) (citation omitted).

Here, the trial commenced on February 11, 2013, and the jury returned its verdict on February 21, 2013, following eight days of actual trial.   Plaintiffs were awarded $311,379 in damages based on the jury's finding that Defendant was a willful infringer of one of Plaintiffs' patent.   None of Defendant's counterclaims were successful at trial, and the Court found that there was no inequitable conduct relating to Plaintiffs' prosecution of the patent in question.   The Court believes that Plaintiffs are full prevailing parties in this matter, and will address Defendant's specific objections to the costs still claimed by Plaintiffs.

**Transcripts and Exhibits**

Taking into account the costs Plaintiffs have waived, they request a total of $24,664.61 in transcript and exhibit costs.   Defendants object to the requests for (a) $1,689.35 for a set of deposition exhibits and "exhibit archive fees," as the exhibits' necessity for trial was not documented; (b) $438.20 for the rough drafts of two deposition transcripts which were subsequently provided in final form; (c) $1,713.15 for expedited

transcripts, or alternatively for $567.00, for one of these transcripts for which Plaintiffs also billed for a video recording; (d) $6,697.11 for daily trial transcription fees, the necessity of which was not documented by Plaintiffs; and (e) $60.00 billed for CD copies of two deposition transcripts.

The Court first concludes that Plaintiffs are entitled to recover costs sought for a set of exhibits for each deposition, as they request. *See Cowden v. BNSF Ry. Co.*, 991 F. Supp. 2d 1084, 1088 (E.D. Mo. 2014). The Court concludes next that Plaintiffs are entitled to recover only $764.10, the cost for a normal transcript of the August 8, 2012 deposition of Armin Rudd, rather than the $1,146.15 sought by Plaintiffs for an expedited transcript of this deposition. Nor are Plaintiffs entitled to recover the $567.00 sought for the expedited transcript of Rudd's deposition on August 9, 2012, as they have also billed $206.25 for a video recording of the same deposition. *See Thomas v. Newton*, No. 4:07CV556 AGF, 2009 WL 1851093, at *3 (E.D. Mo. June 26, 2009) ("In light of the use of the disjunctive in [§ 1920's] amended language, the undersigned determines costs to be taxable for either stenographic transcription *or* video-recording of depositions, but not both.") Thus, in this category, Plaintiffs' request will be reduced by $949.05.

With regard to Defendant's objection to Plaintiffs' requests for rough drafts, Plaintiffs respond that they have not included these costs in their request. However, a review of the documents submitted shows that these costs of $438.20 were included in the amount sought by Plaintiffs (for the depositions of Timothy Cromley on June 20 and July 20, 2012.) Therefore, Plaintiffs' request will be reduced by $438.20.

Plaintiffs agreed to waive $30.00 for the cost of one CD copy of a deposition, maintaining that this was the only CD copy billed.   A review of the documents submitted shows that in fact two CDs were billed (for the depositions of Dennis Dietz on January 27, 2012, and Thomas Cromley on July 20, 2012.)   Therefore, Plaintiffs' request will be reduced by an additional $30.00.   In sum, Defendants will be taxed $23,247.36 for transcript and exhibit fees.

**Witness Attendance Fees**

Pursuant to 28 U.S.C. § 1821(b), Plaintiffs are limited to $40/day for witness attendance fees for attendance at trial or a deposition.   Plaintiffs request $840.00 in witness attendance fees, including $200 for five days of attendance at trial by Armin Rudd, namely, February 11, 12, 13, 19, and 21, 2013.   Defendants contend that $80 of this $200 request is in excess of the allowable fee as Rudd did not testify on February 13 or February 21, 2012.   Plaintiffs respond that Rudd did in fact testify on those two days.   The Court finds based on the trial transcript that Armin Rudd testified on February 13, 2013, but did not testify on February 21, 2013.   Accordingly, the Court will reduce Plaintiffs' request for witness attendance fees by $40.00 for a total of $800.00 for witness attendance fees.

**Travel Fees**

With respect to travel fees, Plaintiffs request $7,766.62 for air travel costs for witnesses and deponents.[2]   Defendant objects to $2,786.73 of this amount on the ground

---

[2]   The Court notes that Plaintiffs erroneously included $220.60 incurred as a result of Jeffrey Siegel's lodging and food costs as travel costs on their Bill of Costs.   (Doc. No. 523.)   The Court will treat this cost as a part of the subsistence fees below.   Defendant also objects to $615.49 requested for witnesses' mileage and parking costs.   However,

that Plaintiffs did not use the most economical rate reasonably available for the flights in question. Plaintiffs respond that the tickets booked were all coach airfares that were purchased to accommodate the schedules of both parties' trial counsel and the witnesses. Additionally, Plaintiffs point out that Defendant has cited no authority for their asserted most economical rate available. The Court finds that $7,766.62 constitutes a reasonable and economical price for the flights in question.

Defendant further objects to $424.60 that was billed for the travel expenses of Thomas Scavone on the basis that Scavone traveled on June 14, 2012, for a deposition but was not deposed until July 10, 2012. Plaintiffs respond that the ticket was incurred as a result of Scavone's deposition and that no authority has been cited showing the deposition travel must occur immediately contemporaneous to a deposition. The Court finds that the record does not refute that the $424.60 was incurred in connection with Scavone's deposition. Accordingly, the Court will tax Defendant $7,766.62 for travel fees.

**Witnesses' Subsistence (Food and Lodging)**

Pursuant to § 1821(b), Plaintiffs are limited to $66/day for the witnesses' subsistence, and $104/day for their lodging in 2012 and 2013. *See* Per Diem Rates, U.S. General Services Administration, http://gsa.gov/portal/category/100120.[3] Plaintiffs have requested more in several instances and argue, generally, that they are entitled to their full request because even if the request for one day's lodging for a particular witness, for example, was more than the rate allowed, Plaintiffs could have requested lodging costs for

Plaintiffs subsequently waived any claim to this amount.

[3] Defendant incorrectly uses a $92/day lodging rate for 2012.

that witness for more days for a greater total.   But Plaintiffs did not request costs for more days, and are limited to the statutory maximums for those days that they did request costs. The Court will turn to the specific requests that are objected to.

Plaintiffs request a total of $2,909.91 for subsistence costs.[4]   Defendant objects to Plaintiffs' request for 13 consecutive days of subsistence for Rudd, namely, from February 9 through February 21, 2013.   Plaintiffs respond that they should be permitted to recover subsistence for the full time Rudd was in St. Louis because it would have been impractical for him to leave and return, and they did not know on exactly which days Rudd would testify.   The Court concludes that Plaintiffs may recover for subsistence costs for Rudd beginning the day before his first day of testimony, February 10, 2013, through the last day of his testimony, February 19, 2013.   The Court concludes it would have been impractical for Plaintiffs to have Rudd leave and return in between these days.   But Plaintiffs may not recover subsistence costs for Rudd for February 9, 20, and 21, 2013.   Plaintiffs' request will therefore be reduced by $358.83, the total sought for Rudd's subsistence on the three days in question.[5]

Defendant also objects that Plaintiffs have requested costs in excess of the maximum per diem allowance.   As noted above, Plaintiffs are limited to their request up to the statutory maximums for those days for which they requested costs.   Therefore, Plaintiffs' request will be reduced by an additional $445.57 to account for the maximum

---

[4]   This amount includes the $220.60 noted above that was erroneously included in Plaintiffs' request for travel costs.
[5]   Plaintiffs sought half of Rudd's daily lodging and food costs.   (Doc. No. 523-5 at 12-13.)

statutory amount recoverable each day.   Accordingly, the Court will tax Defendant

$2,105.51 for Plaintiffs' witness subsistence fees.

**Unchallenged Costs**

In addition to the above, Plaintiffs are entitled to recover $550 for fees of the Clerk

of Court and $4,711.85 for exemplification and copies of materials necessarily obtained for

use in the case.

Accordingly,

**IT IS HEREBY ORDERED** that the requested fees set out in Plaintiffs' Motion

for Bill of Costs is **GRANTED** in part and **DENIED** in part in accordance with the

findings set out herein.   (Doc. No. 523.)

**IT IS FURTHER ORDERED** that the Clerk of Court shall tax the following costs

against Defendant and in favor of Plaintiffs in this cause:

| | |
|---|---|
| Fees of the Clerk: | $     550.00 |
| Transcripts and Exhibits: | $ 23,247.36 |
| Witness Attendance: | $     800.00 |
| Travel Fees: | $   7,766.62 |
| Subsistence Fees: | $   2,105.51 |
| Exemplification and Copying Fees: | $   4,711.85 |
| **TOTAL:** | **$ 39,181.34** |

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 3rd day of December, 2014.

7